

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. D. S. Walker
County Attorney
Walker County
Huntsville, Texas

Dear Sir:

Opinion No. O-4314
Re: Can the Penitentiary
Board or the management
thereof, after crediting
the prisoner with earned
overtime, forfeit the
same without violating
Section 14 of Article I
of the Constitution of
Texas?

Subsequent to our letter addressed to you on the date of November 24, 1941, we received a letter from Honorable Mac L. Bennett, Jr., District Attorney, 12th Judicial District, dated December 10, 1941, wherein he advised that an application for writ of habeas corpus was filed. In view of the pendency of this application the District Attorney requests that we answer the question raised in said application and submitted in your letter of November 7, 1941, requesting the opinion of this department.

We quote from your letter of November 7, as follows:

"Please advise me, as County Attorney, if, under Article 6166x, . . . . after a prisoner has actually earned said overtime and has been credited with the same, then the manager, with the Prison Board's approval, can forfeit such overtime under the Constitution of Texas, Article I, Section 14, which provides that no man shall be placed in jeopardy twice for the same offense, etc.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. D. S. Walker, Page 2

"The object of this inquiry is to determine whether or not, in your opinion, the Penitentiary Board or the management thereof can, after crediting a prisoner with earned overtime, forfeit the same without violating Section 14 of Article I of the Bill of Rights of the Constitution of this State."

Article 6166v, V.A.C.S., in part provides:

"In order to encourage prison discipline, a distinction may be made in the treatment of prisoners so as to extend to all such as are orderly, industrious and obedient, comforts and privileges according to their deserts. The reward to be bestowed on prisoners for good conduct shall consist of such relaxation of strict prison rules and extension of social privileges as may be consistent with proper discipline, commutation of time for good conduct shall be granted by the manager, and the following deduction shall be made from the term or terms of sentences when no charge of misconduct has been sustained against a prisoner, viz.: . . . ."

Article 6166x, V.A.C.S., in part provides:

"Prisoners shall be kept at work under such rules and regulations as may be adopted by the manager with the Board's approval; provided, that no prisoner shall be required to work more than ten hours per day except on work necessary and essential to efficient organization of convict forces, which time shall include the time spent in going to and returning from their work, but not to include the intermission for dinner, which shall not be less than one hour, and in cases of such necessary and essential overtime work, said prisoners shall receive a deduction of time equal to double the hours so worked

Hon. D. S. Walker, Page 3

from the term or terms of sentence. . . . For each sustained charge of misconduct in violation of any rule known to the prisoner all commutation earned by such overtime work shall be subject to complete forfeiture. . . ."

Section 14, Article I of the Constitution of Texas, provides:

"No person, for the same offense, shall be twice put in jeopardy of liberty, nor shall a person be again put upon trial for the same offense, after a verdict of not guilty in a court of competent jurisdiction."

In 50 Corpus Juris., Page 348, it is said:

"Ordinarily a prisoner is entitled to a dimunition of the sentence for good conduct in case of a commutation of a sentence, where the commutation is to such a term of imprisonment as makes the statute applicable, but this right depends on the terms of the commutation; . . . .

"Misconduct of a prisoner may forfeit in whole or in part his right to reduction of sentence; and this forfeiture may be regulated by statute, or by valid rules made by proper prison officials. . . ."

A similar question involving rules of the Prison Board of Kansas in authorizing the allowance of good time and also specifying therein for withdrawing such allowance for insubordination was raised in the habeas corpus proceeding in the case of In Re: Terrill, 144 Fed. 616, 75 C.C.A. 418. There it was conceded that the prison board took from the good time of the prisoner 590 days. The report held such action of the prison board in its proceeding was conclusive. As to the action of the prison authorities in this respect, the court said:

"The action of that tribunal in this proceeding and in this court is conclusive, and whether it was advisably taken upon sufficient

Hon. D. S. Walker, Page 4

> evidence, whether according to, or disregarding
> the rules of the prison or the law, are questions
> which cannot be raised by this writ of habeas cor-
> pus, because that tribunal had the jurisdiction
> and the power to determine how much good time
> should be taken from the prisoner, and it has de-
> termined that question. When those 590 days are
> thrown out of the account, the time for which the
> prisoner was sentenced has not expired, and conse-
> quently he cannot be discharged upon this ground."

We can see no good reason why the rule above announced with reference to the forfeiture of commutation gained by a convict for good conduct should not apply with equal force to commutation earned by a convict for overtime worked.

As stated in our opinion O-3648 approved July 16, 1941, and addressed to the District Attorney of your district that credit for good conduct and overtime allowances under Articles 6166v and 6166x-1, when once earned by a prisoner may be forfeited only upon those grounds specified in said statutes. The same statutory authority which grants the privilege for a prisoner to earn commutation on his sentence, authorizes the forfeiture and we fail to see how the exercise of such authority granted to the manager or prison board, with the commutation therein provided enuring to the benefit of the prisoner, can work double jeopardy or servitude within the meaning of the cited constitutional provision. A forfeiture under the statute is brought about by the prisoner and him only, through his violation or infraction of known rules, for the observance of which the commutation is authorized.

Since you have cited us to Article 6166x, we call your attention to the fact that this Article has been superseded by Senate Bill No. 20, Acts 1939, 46th Legislature, p. 554, and designated by Vernon as Article 6166x-1. However, the provisions of this article are identical with those of Article 6166x in so far as they relate to the question here considered.

It is therefore the opinion of this department that under the provisions of Article 6166x, V.A.C.S., all earned commutation by over-time work is subject to forfeiture. Where

Hon. D. S. Walker, Page 5


forfeiture is declared in accordance with the provisions of the statutes, same does not violate Article I, Section 14 of the Constitution of Texas.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Wm. J. R. King
Assistant

WJRK:ff

